**Pursuant to Ind. Appellate Rule 65(D),** this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

ATTORNEY FOR APPELLANT:

**MICHAEL D. FRISCHKORN**
Frischkorn Law, LLC
Fortville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANGELA N. SANCHEZ**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

Jul 24 2012, 9:09 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

JEFFREY SCOTT BROOKS,　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　Appellant-Defendant,　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　vs.　　　　　　　　　　　　　)　　　No. 48A02-1111-CR-1095
　　　　　　　　　　　　　　　　　　　　　)
STATE OF INDIANA,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　Appellee-Plaintiff.　　　　　　　　)

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Rudolph R. Pyle, III, Judge
Cause No. 48C01-0304-FB-129

**July 24, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

In June 2004, Jeffrey Scott Brooks pled guilty to felony burglary and theft charges, and the court sentenced him to a fifteen-year term with three years suspended to probation. In May 2010, the court released Brooks on probation. After Brooks violated his probation, the trial court extended his probation one year.

In September 2011, the State alleged that Brooks again violated his probation by committing class B felony dealing in a controlled substance and failing to pay costs and fines. During the evidentiary hearing, the State presented hearsay testimony regarding conversations that took place between Brooks and the confidential informant ("CI") who purchased the controlled substance from him. Over Brooks's objection, the court admitted the testimony. The court found that Brooks violated his probation and revoked it. On appeal, Brooks contends that the trial court violated his due process rights by admitting the testimony. We affirm.

**Facts and Procedural History**

On April 21, 2003, the State charged Brooks with class B felony burglary, class D felony theft, class A misdemeanor carrying a handgun without a license, and class C felony carrying a handgun without a license. On June 14, 2004, Brooks pled guilty to burglary and theft, and the State dismissed the handgun charges. On July 21, 2004, the trial court sentenced him to a fifteen-year term, with twelve years executed and three years suspended to probation.

2

On May 3, 2010, the court released Brooks to serve the remainder of his sentence on probation, with the probationary period scheduled to end on December 31, 2013. On March 25, 2011, the State alleged that Brooks violated his probation by committing class A misdemeanor possession of marijuana, hash oil, or hash, class A misdemeanor possession of paraphernalia, and class B misdemeanor visiting a common nuisance. At an evidentiary hearing on May 16, 2011, Brooks admitted that he violated his probation. On June 1, 2011, the trial court extended Brooks's probation one year and released him from incarceration.

On September 1, 2011, the State alleged that Brooks again violated his probation by committing class B felony dealing in a schedule II controlled substance and failing to pay court costs and fines. On October 31, 2011, the trial court held an evidentiary hearing. The State alleged that Brooks violated his probation by distributing fifteen oxycodone pills to a CI through a controlled buy. Over Brooks's hearsay objection, the court admitted the testimony of Detective Clifford Cole of the Anderson Police Department regarding conversations that took place between Brooks and the CI. Detective Cole testified that he heard three different recorded conversations between the CI and Brooks, made from the CI's cellular phone, scheduling the buy. Additionally, over Brooks's hearsay objection, the court admitted Detective Cole's testimony that the CI said that she purchased the oxycodone pills from Brooks.

Detective Cole testified that Brooks lived with his father on South J Street in Elwood. Both Detective Brad Oster of the Madison County Drug Task Force and Detective Keith Gaskill of the Anderson Police Department, who conducted visual surveillance of the

3

controlled buy, testified that Brooks was the person who entered the CI's vehicle from the residence on South J Street in Elwood. Detective Cole testified that he searched the CI's vehicle prior to and immediately after the buy for drugs, money, or weapons and found only the fifteen pills that Brooks had agreed to sell to the CI.

The court found that Brooks violated his probation and revoked it. Brooks now appeals.

**Discussion and Decision**

On appeal, Brooks contends that the trial court violated his due process rights under the Fourteenth Amendment by admitting the CI's hearsay statements. The United States Supreme Court has held that the Fourteenth Amendment Due Process Clause applies to probation revocation hearings. *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972). The Due Process Clause "does impose procedural and substantive limits on the revocation of the conditional liberty created by probation." *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999). Therefore, the State must confer certain rights to the defendant, such as providing the opportunity to confront and cross-examine witnesses. *Id.* However, "there is no right to probation: the trial court has discretion whether to grant it … and whether to revoke it." *Reyes v. State*, 868 N.E.2d 438, 440 (Ind. 2007). "Probationers do not receive the same constitutional rights that defendants receive at trial." *Id.* Hence, the procedures in probation revocation hearings "are more flexible than in a criminal prosecution." *Id.*

In a probation revocation hearing, "the State need only prove the alleged violations by a preponderance of the evidence." *Cox*, 706 N.E.2d at 551 (citations omitted). Brooks

4

alleges that the court erred in admitting the hearsay testimony. Generally, the trial court has the discretion to admit evidence or not, and its decision is reviewed only for an abuse of discretion. *Holmes v. State*, 923 N.E.2d 479, 483 (Ind. Ct. App. 2010). "An abuse of discretion occurs if a decision is clearly against the logic and effects of the facts and circumstances before the court or if the court has misinterpreted the law." *Id*.

In *Reyes*, our supreme court established the test that a trial court must use in determining whether to admit hearsay evidence "without violating a probationer's right to confront a witness." 868 N.E.2d at 441. "The substantial trustworthiness test requires that the trial court evaluate the reliability of the hearsay evidence." *Id*. at 442. The court may admit the evidence if the hearsay bears "some substantial indicia of reliability." *Id*. at 441.

Here, we have the testimony of Detective Cole, an experienced detective, who stated that he searched the CI's vehicle prior to and after the buy and found only the drugs in the agreed-upon amount after the buy. Both Detective Oster and Detective Gaskill provided testimony that Brooks was the person who entered the CI's vehicle from the residence. The Indiana State Police lab report confirmed that the pills contained oxycodone. These facts provide substantial trustworthiness in the reliability of the testimony presented by Detective Cole of the phone conversations between Brooks and the CI regarding the buy and the CI's statement that Brooks was the person who sold her the pills.

Brooks complains that the trial court failed to explain why it believed that the hearsay testimony of Detective Cole was substantially trustworthy. The trial court was not obliged to do so. In *Reyes,* the court noted, "ideally the trial court should explain on the record … why

5

that reliability is substantial enough to supply good cause for not producing live witnesses." *Id*. at 442. This was not a requirement, only a suggestion. In any event, we note that to substantiate the reliability of the statements further the trial court asked Detective Cole additional questions before determining whether to admit the hearsay evidence. *See*, *e.g.*, Tr. at 48 ("Is the voice the same, in you (sic) opinion, as to the three (3) conversations." "Yes and the same phone number was used each time.").

We find that Detective Cole's testimony was substantially trustworthy. Therefore, the trial court did not abuse its discretion in admitting the hearsay testimony.

Affirmed.

VAIDIK, J., and BRADFORD, J., concur.